IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| RACHIN MONTES, § § § **Plaintiff,** § § v. § § METRO MATERIALS AND § MACHINERY, LLC, § § § **Defendant.** | CIVIL ACTION NO.  6:18-CV-00367-RWS |

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

Before the Court is Plaintiff Rachin Montes's ("Plaintiff") Motion for Default Judgment against Defendant Metro Materials and Machinery, LLC ("Defendant"). (Doc. No. 10.) Defendant has not responded or otherwise appeared in this matter. For the reasons stated herein, the Court **RECOMMENDS** that Plaintiff's Motion (Doc. No. 10) be **GRANTED**.

## FACTUAL BACKGROUND

Plaintiff filed his Original Complaint ("Complaint") on July 24, 2018 against Defendant for violation of the Fair Labor Standards Act ("FLSA"). (Doc. No. 1) (citing 29 U.S.C. §§ 206(a), 207(a)). In his Complaint, Plaintiff alleges that he began working for Defendant on or about March 1, 2018 as a part of the demolition crew and continued employment with Defendant until on or about June 1, 2018. *Id.* at ¶ 15. Plaintiff approximates that he worked an average of 55 to 60 hours per week for Defendant and was hired at a straight-time pay rate of $25.50 per hour. *Id.* at ¶¶ 16, 17. Plaintiff alleges that throughout Plaintiff's employment, Defendant failed to compensate Plaintiff his proper time and a half overtime premium for all hours worked in

1

excess of 40 hours per week and that Defendant failed to compensate Plaintiff his wages for the last two weeks of his employment, for a total of approximately $2,800.00. *Id.* at ¶¶ 17, 18. Plaintiff therefore brings four counts for violation of the FLSA for failure to pay overtime, violation of the FLSA for failure to pay minimum wage, breach of contract, and unjust enrichment. *Id.* at 3– 6.

Service of the complaint was executed on August 1, 2018 by service on Mya Mack, an individual designated by law to accept service of process on behalf of Defendant.  (Doc. No. 5.) An answer or responsive pleading was due from Defendant 21 days from the date of service. Fed.R.Civ.P. 12(a)(1)(A). Defendant made no appearances in the instant action and did not answer or otherwise respond to Plaintiff's complaint, or ask for an extension of time. As a result, on September 17, 2018, the Clerk entered default against Defendant at Plaintiff's request. (Doc. Nos. 8, 9.) Plaintiff then filed the instant motion for default judgment on September 24, 2018. (Doc. No. 10.)

## LEGAL STANDARD

Rule 55 of the Federal Rules of Civil Procedure sets forth certain conditions under which default may be entered against a party, as well as the procedure to seek the entry of default judgment. Fed.R.Civ.P. 55. The Fifth Circuit requires a three-step process for securing a default judgment. *N.Y. Life Ins. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). First, a default occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by Rule 12 of the Federal Rules of Civil Procedure. Fed.R.Civ.P. 55(a); *N.Y. Life Ins.*, 84 F.3d at 141. Next, the clerk must enter the party's default when it is established by affidavit or otherwise. Fed.R.Civ.P. 55(a); *N.Y. Life Ins.*, 84 F.3d at 141. Third, a plaintiff must then apply for a default judgment.

After the clerk enters a default, "the plaintiff's well-pleaded factual allegations are taken as true, except regarding damages." *U.S. for Use of M-Co Constr., Inc. v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987). If the claim is for a sum certain or a sum that can be mathematically calculated the clerk enters judgment. Fed.R.Civ.P. 55(b)(1). In all other cases, the party must apply to the court for a default judgment, and a court may hold a hearing if necessary to conduct an accounting, determine the amount of damages, establish the truth of any allegation by evidence, or to investigate any other matter. Fed.R.Civ.P. 55(b)(2). Entry of default judgment is within the Court's discretion. *See* Fed.R.Civ.P. 60(b).

## DISCUSSION

### 1. *Default*

The Court finds that Defendant was properly served (Doc. No. 5), that Defendant has failed to answer or otherwise respond within the time required, and that the Clerk of the Court has made an entry of default. (Doc. No. 9.) Accordingly, the procedural requirements of Rule 55 have been satisfied, and the Court may consider default.

Plaintiff moves for default judgment on his FLSA claims. (Doc. No. 10, at 2–5.) The Court finds that Plaintiff's Complaint pleads sufficiently his cause of action for violations of the FLSA. (Doc. No. 1, at ¶¶ 8–36.)   Further, the Court finds that Plaintiff's Complaint makes a *prima facie* showing of jurisdiction. *Id.* at ¶¶ 4–5. Based on this uncontested record, the Court finds that the allegations in the complaint are admitted as a result of Defendant's default in the above-styled action. *See Nishimatsu Const. Co., v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).  Here, Defendants have not complied with any court deadlines or participated in this litigation, despite notice of the lawsuit. *Iowa State Univ. Research Found., Inc. v. Greater Continents, Inc.*, 81 F. App'x. 344, 348 (Fed. Cir. 2003) (holding that the district court did not

abuse its discretion in entering default judgment where defendant "delayed the proceedings by choosing not to respond to the complaint or the court order.") Based on this procedural history and the efforts expended to date by Plaintiff in pursuing his unpaid wages in federal court, Plaintiff will be prejudiced if default judgment is denied.  As such, the Court finds that Plaintiff is entitled to default judgment under Rule 55 of the Federal Rules of Civil Procedure against Defendant for violations of the FLSA as alleged.

### *2. Damages*

Because the Court finds that default judgment is appropriate as to Plaintiff's FLSA claims, the Court next considers what, if any, damages would be appropriately awarded for those uncontested violations. Plaintiff seeks his statutory damages pursuant to 29 U.S.C. § 216(b). (Doc. No. 10 at 2–3.)  29 U.S.C. § 216(b) provides, in relevant part, that "[a]ny employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." § 216(b). Plaintiff has submitted a sworn declaration of his hours worked. *See* Doc. No. 10-1, Declaration of Rachin Montes. Given that the statutory provisions for damages are clear and Plaintiff has submitted a sworn and uncontested statement of his hours worked, the Court finds that the amount of damages in question can be reasonably calculated without the need for hearing.

Here, Plaintiff states that he worked at a normal hourly rate of $25.50 per hour. (Doc. No. 10-1, at ¶ 3.) Plaintiff further states that from March 1, 2018 to May 27, 2018, he worked an average of 49.5 hours each week. *Id.* at ¶¶ 2, 3. For hours worked over 40 hours, Defendant contends he was to be paid at his overtime rate of time and a half, but that he was only paid his

normal flat rate and never received his "and a half" for his overtime hours. *Id.* at ¶ 3. In addition, for the pay period of May 15 through May 27, 2018, Plaintiff contends that he was not paid at all, but that he worked approximately 54 hours one week and 42 hours the next week. *Id.* at ¶ 4. Therefore, Plaintiff contends he is owed the following sums for unpaid wages:

- For the first nine weeks of employment, $121.12 each week (9.5 hours overtime x 25.50 per hour x .5),
- For the week ending May 13, 2018, $159.38 (12.5 overtime hours x $25.50 per hour x .5) ,
- For the week ending May 20, 2018, $1,555.50 (54 total hours x $25.50 plus (14 overtime hours x $12.75)); and
- For the week ending May 27, 2018, $1,096.50 (42 total hours x $25.50 plus (2 overtime hours x $12.75)).

*Id.* at ¶ 5.

Thus, Plaintiff requests a total of $3,901.50 in back wages. *Id* at ¶ 6. Plaintiff further requests the same amount, $3,901.50 in liquidated damages. *Id.* Given that Plaintiff has sworn to his hours and wages, which are uncontested, the Court finds that the damages calculated for back wages in the amount of $3,901.50 is appropriate. Moreover, given that the statute provides for an additional equal amount in liquidated damages, the Court finds that $3,901.50 in liquidated damages is also appropriate. 29 U.S.C. § 216(b); *see also Murphy v. ABA Ranch, LLC*, No. 4:17-CV-00215, 2018 WL 3656480, at *6 (E.D. Tex. Aug. 2, 2018) (awarding liquidated damages as mandatory under § 216(b) where defendant failed to plead and prove good faith). Thus, the Court finds that Plaintiff should be awarded $7,803.00 in damages for Defendant's default, exclusive of attorney's fees or costs.

### 3. *Attorneys' Fees*

Plaintiff also seeks his attorney's fees under the FLSA. (Doc. No. 10, at 3.)  Plaintiff contends the award of attorney's fees is authorized under the FLSA, which mandates that in any action brought by an employee to enforce section 206 or 207 of the Act, the Court "shall, in

5

addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action..." (Doc. No. 10, at 3) (citing 29 U.S.C. § 216(b)).

The Fifth Circuit uses the "lodestar" method to calculate attorneys' fees, which carries a strong presumption of reasonableness. *Heidtman v. Cnty, of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999); *see also Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 799 (5th Cir. 2006) ("[W]e use the lodestar method to calculate an appropriate attorney's fee award under the FLSA."). Using this method, the number of hours an attorney reasonably spent on the case is multiplied by the market rate in the community for such work. *See Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012). Plaintiff's attorneys have supported the requested fees by sworn declaration, logging the hours spent working on the Plaintiff's action with explanation of the work rendered in connection with seeking default judgment in this case, and noting their hourly rates as in accordance with that customarily charged by attorneys with their skill and experience in cases of this nature. *See* Doc. No. 10-2, Declaration of James M. Loren, at ¶¶ 1–13. Plaintiff requests fees for 8.5 hours billed in connection with matter (5.4 hours by associate Rachael Rustmann at $300.00 per hour and 3.1 hours for partner James Loren at $400.00 per hour). *Id.* at ¶ 9. This amounts to total fees of $2,860.00 in this matter. *Id.* The Court finds such request to be reasonable and finds that Plaintiff is entitled to $2,860.00 in attorney's fees.

Plaintiff's counsel also estimates that it will take them an additional 8 hours to enforce the final judgment in this matter and that it will have a therefore an estimated total of $5,260.00 billed in this matter. Given the uncertainty of these future hours and fees requested for enforcement, the Court finds it not appropriate to award such fees at this time.

Finally, Plaintiff seeks costs in the amount of $437.75, including $400 for the filing fee in this case and $53.75 for service of process. (Doc. No. 10-2, at ¶ 12.) The Court finds that Plaintiff is entitled to costs in the amount of $437.75, representing the costs of filing and service of process.

## CONCLUSION

For the reasons stated herein, the Court **RECOMMENDS** that Plaintiff's Motion (Doc. No. 10) be **GRANTED**. It is **FURTHER RECOMMENDED** that Plaintiff be awarded $3,901.50 in unpaid wages, $3,901.50 in liquidated damages, $2,860.00 in attorney's fees, and $437.75 in costs. Plaintiff is further **ORDERED** to immediately serve a copy of this Report and Recommendation on Defendant. Plaintiff shall file a notice with the Court when Defendant has been served with a copy of this Report and Recommendation.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report. A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen (14) days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United States Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996)

.

8

**So ORDERED and SIGNED this 12th day of October, 2018.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE